JUDGE STEIN

10 CIV 1378

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICHARD HIDALGO,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. BRIAN JAY,
SGT. MICHAEL MCHUGH and P.O.s "JOHN DOE"
#1-5 (said names being fictitious, as the true names
are presently unknown), Individually and in
their Official Capacities.

                    Defendants.
------------------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

RECEIVED

FEB 1 9 2010

U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, RICHARD HIDALGO, by his attorney, K. E. Richman, complaining of

the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK, P.O. BRIAN JAY, SGT. MICHAEL MCHUGH and P.O.s

"JOHN DOE" #1-5 (said names being fictitious, as the true names are presently

unknown), as Officers of the New York City Police Department, all acting under color of

state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights

are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, RICHARD HIDALGO, was a resident of New York, NY.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants P.O. BRIAN JAY, SGT. MICHAEL MCHUGH and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD") and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and

2

agents of the NYPD within the scope of employment and incidental to their otherwise

lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and

promotion of the police officers, sergeants and/or employees of the NYPD.

## FACTS

11. On or about January 24, 2009 at approximately 4:30 a.m. on Dyckman Street, County

and State of New York, Plaintiff RICHARD HIDALGO, was falsely arrested.

12. At the time of arrest, Plaintiff RICHARD HIDALGO was a 20 year-old student with

no previous criminal history.

13. At the above-mentioned location, Defendants P.O. BRIAN JAY, SGT. MICHAEL

MCHUGH and P.O.s "JOHN DOE" #1-5 tackled RICHARD HIDALGO for an

undisclosed reason, resulting in facial abrasions, bruising to his face and eyes, and a

bloody nose.

14. RICARDO HIDALGO was then placed in handcuffs. Defendants then kicked and

further assaulted RICARDO HIDALGO while he was cuffed and stationary on the

ground.

15. RICARDO HIDALGO was arrested and accused of Resisting Arrest (Penal Law

§ 205.30) and Assault in the Third Degree (Penal Law § 120.00(1)) by Defendants P.O.

BRIAN JAY, SGT. MICHAEL MCHUGH and P.O.s "JOHN DOE" #1-5 (said names

being fictitious, as the true names are presently unknown).

16. At the Precinct, the Police Officers filled out false police reports and provided false

and misleading information to the prosecution which implicated Plaintiff in the

commission of a crime.

3

17. As a result of the false claims against him, Plaintiff spent nearly thirty-two (32) hours in custody, sustained facial contusions, facial abrasions, a bloody nose, bruising to his face and body and permanent nerve damage to his eye.

18. On May 12, 2009, this matter was dismissed by the Honorable Judge Koenderman of the Criminal Court of the City of New York.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

19. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

21. All of the aforementioned acts deprived Plaintiff, RICARDO HIDALGO, of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

4

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

25. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

27. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

29. As a result of Defendants' aforementioned conduct, Plaintiff RICARDO HIDALGO, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

30. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

31. As a result of their false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

33. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

34. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

35. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

36. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

37. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

38. The criminal proceedings against Plaintiff were terminated in favor of Plaintiff on May 12, 2009.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

6

40. Defendants issued legal process to place Plaintiff under arrest.

41. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### SIXTH CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

44. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

45. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

46. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, lacerations, bruising and swelling about his body and face and incurred permanent nerve damage to his eye.

47. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SEVENTH CLAIM FOR RELIEF:
### ASSAULT

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

7

49. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

50. As a consequence thereof Plaintiff, RICARDO HIDALGO, has been injured.

## EIGHTH CLAIM FOR RELIEF:
### BATTERY

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

52. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

53. As a consequence thereof Plaintiff, RICARDO HIDALGO, has been injured.

## NINTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

54. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

55. P.O. BRIAN JAY, SGT. MICHAEL MCHUGH and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown) arrested Plaintiff RICARDO HIDALGO, despite a complete lack of cause against him, notwithstanding their knowledge that said violations would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

8

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

58. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff RICARDO HIDALGO.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff RICARDO HIDALGO, as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff RICARDO HIDALGO, as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff RICARDO HIDALGO.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

9

64. Defendant NYC, as municipal policymaker in the training and supervision of
Defendant police officers, have pursued a policy and custom of deliberate indifference to
the rights of persons in their domain who suffer violation of their right to freedom from
the use of excessive and unreasonable force and freedom from deprivation of liberty
without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments
to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and
laws of the State of New York.

65. All of the foregoing acts by Defendants deprived Plaintiff RICARDO HIDALGO, of
federally protected rights, including, but not limited to, the right:

        a. Not to be deprived of liberty without due process of law;

        b. To be free from seizure and arrest not based upon probable cause;

        c. To be free from unlawful imprisonment;

        d. To be free from unwarranted and malicious criminal prosecution;

        e. Not to have cruel and unusual punishment imposed upon him; and

        f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION

($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00)

DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:      New York, New York
            February 19, 2010

                                   Respectfully submitted,

                                   K. E. RICHMAN, ESQ.
                                   *Attorney for Plaintiff*
                                   Law Office of K. E. Richman LLP
                                   875 Avenue of the Americas, 18th Floor
                                   New York, NY 10001
                                   (212) 687-8291